IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ERIN KNIPPLE                                          :
22 W. Market Street                                   :    CIVIL No.: _____
Myerstown, PA 17067                                   :
                                                      :    JURY TRIAL DEMANDED
        Plaintiff,                                    :
                                                      :
        v.                                            :
                                                      :
PENNSYLANIA ORAL & MAXILLOFACIAL                      :
SURGERY, LTD.                                         :
860 First Avenue, Suite #3                            :
King of Prussia, PA 19406                             :
                                                      :
        Defendant.                                    :

---

## COMPLAINT -- CIVIL ACTION

Plaintiff, Erin Knipple ("Plaintiff" or "Ms. Knipple"), by and through her undersigned attorney, for her Complaint against Defendant, alleges as follows:

### INTRODUCTION

1. Plaintiff initiates this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601). Plaintiff asserts that her FMLA rights were interfered with and that she was terminated from her employment with Defendant during and due to her attempts to exercise her rights under the FMLA.

### PARTIES

2. Plaintiff, Erin Knipple, is an adult American citizen, who at all relevant times hereto maintained a residence at 22 W. Market Street, Myerstown, PA 17067.

3. Upon information and belief, Defendant, Pennsylvania Oral & Maxillofacial

1

Surgery, LTD ("Defendant" and/or "PAOMS"), is a business which operates and has offices throughout Bucks County, Philadelphia County, and Montgomery County.

4. At all times pertinent hereto, Defendant has been engaged in an industry affecting commerce and has had (50) fifty or more employees for each working day in each of (20) or more calendar days in the current or preceding year.

5. Upon information belief, Defendant PAOMS operates, is related to, and/or is an affiliate of OMS Solutions LLC. Defendant is also a joint, single and/or integrated employer with respect to employees of OMS Solutions LLC. In fact, Defendant shares employees, office space, equipment, and management with OMS Solutions LLC, and Defendant and OMS Solutions LLC and collectively assert control over its employees for purposes of hiring, firing, discipline, assigning, and directing. For purposes of determining FMLA coverage, the employees working at or employed by OMS Solutions LLC and are considered and counted as employees of Defendant PAOMS.

6. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

7. Paragraphs 1 through 6 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

8. This is an action authorized and instituted pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 ("FMLA").

9. This Court has jurisdiction over this matter, pursuant to 28 U.S.C.A. §§ 1331, 1343, as it is a civil rights action arising under the laws of the United States.

10. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Plaintiff resides in this district and the events giving rise to this action occurred in this district.

**FACTS RELEVANT TO ALL CLAIMS**

11. Paragraphs 1 through 10 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

12. On January 15, 2009, Plaintiff was hired by Defendant as a Surgical Assistant.

13. Plaintiff worked for Defendant on a full-time basis.

14. From January 15, 2009 until the date of Plaintiff's termination from employment, Plaintiff received positive employee evaluations, no discipline, and periodic praise for her work.

15. On June 12, 2013, Plaintiff suffered first degree burns to her face, right arm and feet, and second degree burns to her left ankle. The first and second degree burns required Plaintiff to seek medical care and constituted a serious health condition within the meaning of the FMLA.

16. Plaintiff immediately notified Defendant of her serious health condition, the severity of her injuries and need for medical care. Despite being informed of Plaintiff's serious health condition, Defendant did not provide Plaintiff of notice of her rights under the FMLA and her ability to take a medical leave of absence for her serious health condition.

17. On June 17, 2013, as a result of Defendant failing to notify Plaintiff of her right to an FMLA protected leave of absence and fearing she would be terminated from her position if she did not return to work, Plaintiff attempted to return to work. During her scheduled shift, Dr. Andrew Cantor observed the first and second degree burns on Plaintiff's body and told Plaintiff that she should immediately stop working and seek immediate medical care.

18. On June 18, 2013, Plaintiff was admitted to Lehigh Valley Hospital for medical

care due to her first and second degree burns. Plaintiff notified Defendant of her admittance to Lehigh Valley Hospital for her serious health condition.

19.     On June 19, 2013, Plaintiff was discharged from Lehigh Valley Hospital and advised that she could not return to work until she was cleared by Lehigh Valley's Outpatient Burn Center. Plaintiff immediately notified Defendant of her inability to work as a result of her serious health condition.

20.     On June 25, 2013, Plaintiff visited Lehigh Valley Hospital's Outpatient Burn Center for medical treatment related to her first and second degree burns. Following her treatment, Plaintiff was advised that she could not return to work until July 1, 2013. Plaintiff immediately notified Defendant of her inability to return to work because of her serious health condition until July 1, 2013.

21.     On June 26, 2013, Defendant terminated Plaintiff's employment.

22.     Plaintiff indisputably had a serious health condition as defined under the FMLA, and was therefore entitled to leave under the FMLA for her own serious health condition.

23.     Defendant's management never once offered Plaintiff leave under the FMLA regulations, as required within two (2) days or as soon as practicable when learning of Plaintiff's medical leave needs.

24.     Defendant's management also failed to provide Plaintiff with individualized notifications of Plaintiff's FMLA rights, as mandated by FMLA regulations.

25.     Defendant willfully violated the provisions of the FMLA by terminating Plaintiff's employment prior to completion of twelve (12) weeks of leave to which Plaintiff was entitled.

26.     It is believed and therefore averred that Defendant terminated Plaintiff because of

her serious health condition in violation of the FMLA and because Plaintiff attempted to exercise her rights under the FMLA to take leave for her own serious health condition.

27. Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, been unable to obtain other employment and has been and will be forced to expend significant amounts of money on health insurance premium payments.

28. As a result of Defendant's deliberate, willful, malicious and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation.

## COUNT I

### VIOLATIONS OF THE FAMILY and MEDICAL LEAVE ACT
### INTERFERENCE and RETALIATION

29. Paragraphs 1 through 28 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

30. Defendant employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius for each working day in each of (20) or more calendar days in the current or preceding year.

31. Plaintiff was an eligible employee under the FMLA and entitled to 12 weeks of unpaid leave to deal with her own serious health condition.

32. Defendant violated the FMLA by: (a) failing to give Plaintiff individualized notices of her FMLA rights; (b) failing to designate Plaintiff's FMLA time off from work as FMLA qualifying; (c) failing to offer Plaintiff FMLA leave; (d) by terminating Plaintiff because of her FMLA-qualifying leave request; and (e) by terminating Plaintiff for taking FMLA-

qualifying leave and/or in retaliation for attempting to exercise her rights under the FMLA.

33. Defendant willfully violated the provisions of the FMLA by failing to provide Plaintiff with leave pursuant to the FMLA, by terminating Plaintiff's employment prior to completion of twelve (12) weeks of leave to which Plaintiff was entitled, and by interfering with, restraining, and denying Plaintiff all her rights under the FMLA.

34. The aforementioned actions constitute both interference and retaliation violations of the FMLA.

35. Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, been unable to obtain other employment, has suffered significant wage losses and loss of potential bonuses, and has been forced and will be forced to expend significant amounts of money on health insurance premium payments.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

(1) Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than ($150,000.00) one hundred and fifty thousand dollars;

(2) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

(3) Liquidated damages;

(4) Plaintiff's cost, disbursements and attorney's fees incurred in prosecuting this action;

(5) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by

applicable federal law;

    (6)    Pre-judgment interest in an appropriate amount; and

    (7)    Such other and further relief as is just and equitable under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _/s/_____
Michael R. Murphy, Jr., Esquire
1760 Market Street, Suite 1201
Philadelphia, PA 19103
TEL: 215-587-0961
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: December 18, 2013

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.